UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY GAINES,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>Defendant. | Case No.: 17cv1351-LAB (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND** |

This is a putative class action arising from the sale of Cadillac SRX vehicles with allegedly defective sunroofs. Plaintiff Kelley Gaines alleges that she bought a Cadillac SRX whose sunroof leaked. She alleges General Motors, through its Cadillac subdivision, improperly refused coverage under the car's warranty. The putative class consists of people who lease or bought model year 2010 through 2013 Cadillac SRX vehicles with defective sunroofs. Gaines brings class claims under California law.

Gaines has moved for leave to amend, in order to correct the identity of the Defendant, to add a claim under the California Consumer Legal Remedies Act and a claim for unjust enrichment, and most significantly to add five new sets of class claims, along with a class representative for each one. Specifically, the motion asks for leave to add Carol Divis, a Pennsylvania resident; Brian Sirota, a Florida

1

resident; Kathleen Scheffers, a Michigan resident; Christie Oss, a Georgia resident; and Antonio Fusco, a New York resident. The new plaintiffs would be representing new subclasses of plaintiffs whose claims arose in each of those states, under the laws of those states. The motion is now fully briefed and ready for decision.

General Motors, LLC acknowledges that Gaines erroneously sued General Motors Company. It does not oppose the amendment naming it as the new Defendant, and has agreed to accept service of the amended complaint when it is filed. It also does not oppose addition of a claim under the California Legal Remedies Act. Its opposition does not mention unjust enrichment, most likely because the complaint already contains such a claim. In the proposed amended complaint, the claim would apply to all the new claims as well.

The request to substitute Defendants is **GRANTED** and General Motors, LLC is **SUBSTITUTED** in as Defendant in place of General Motors Company, effective immediately.

Under the Class Action Fairness Act, General Motors, LLC ("GM") is treated as a citizen of both Delaware, under whose law it is organized, and Michigan, where its principal place of business is. *See* 28 U.S.C. § 1332(d)(10).

GM cites the Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco Cty.*, 137 S. Ct. 1773 (2017), and argues that the Court lacks personal jurisdiction over it with respect to claims by the out-of-state classes. Gaines does not argue that the Court could exercise general jurisdiction over GM. Under *Daimler AG v.* Bauman, 571 U.S. 117 (2014), such an argument would be futile. Rather, she argues for specific jurisdiction.

In *Bristol-Myers*, a group of plaintiffs, most of whom were not California residents, sued Bristol-Myers in California state court over claims that the drug Plavix had damaged their health. Bristol-Myers, which was not a California citizen, argued the state court lacked specific personal jurisdiction over the non-

2

Californians' claims, sufficient to satisfy constitutional due process. The Supreme Court, noting that the non-Californians' claims did not arise in California or out of any of Bristol-Myers' activities in California, agreed. For a court to exercise specific jurisdiction, there must be an "affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum state . . . ." *Id.* at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is limited to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919.

Gaines argues that the five new plaintiffs' (and new subclasses') claims arise out of the same controversy. In doing so, however, she broadly defines the controversy as including all claims arising from a common nucleus of operative facts, which she in turn defines as GM's refusal to treat leaking sunroofs as covered by warranties. She then relies on the Ninth Circuit's three-part test for specific personal jurisdiction articulated in *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The salient factor for purposes of this analysis is that the claim must arise out of or result from a defendant's forum-related activities.

The claims already included in the complaint did arise out of forum-related activities: Gaines and the class bought their allegedly defective cars here, and suffered injury here. Furthermore, GM allegedly wrongly denied warranty coverage on cars that were located in California for damage that allegedly occurred here. To some extent, the claims might also be said to arise wherever GM designed and manufactured the cars, and made decisions about warranty coverage. But there is no suggestion that occurred here.

The claims that Gaines wants to add do not arise out of GM's forum-related activities. Carol Divis' claim, for example, arose from GM's Pennsylvania-related activities. She bought her allegedly defective car there, the sunroof leaked there,

1  and GM denied her warranty coverage there. Nothing that GM did in California
2  contributed to that in any way. Similarly, the other proposed named plaintiffs'
3  claims arose from GM's activities in their respective states. The same is true for
4  most of the respective subclasses.

Gaines argues that because GM purposefully directed activities towards California when it sold her a car here and refused to provide warranty coverage here, the Court can exercise jurisdiction over all the new claims as well. No one is challenging the Court's exercise of jurisdiction over Gaines' claims and the claims of a class of California plaintiffs. But whatever GM may have done in directing its activities towards California had nothing to do with claims that arose entirely in other states, and cannot give rise to personal jurisdiction over them. Gaines' argument, if accepted, would effectively erase the distinction between specific and general jurisdiction, and would render *Bristol-Myers* meaningless.

Gaines argues that *Bristol-Myers* is distinguishable because that was not a class action. But whether an action is brought as a class action has no real effect on whether a defendant can challenge a court's exercise of personal jurisdiction over it. *See Alvarez v. NBTY, Inc.*, 2017 WL 6059159, slip op. at *5 (S.D. Cal., Dec. 6, 2017) ("[I]t is well settled law that a defendant can challenge personal jurisdiction relating to each named plaintiff in a class action.") *Am.'s Health & Resource Center, Ltd. v. Promologics, Inc.*, 2018 WL 3474444, slip op. at *2 (N.D. Ill, July 19, 2018) (noting that due process requirements are the same for class and non-class actions). *Compare Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, 2017 WL 4224723, slip. op. at 5 (N.D. Cal., Sept. 22, 2017) (holding that *Bristol-Myers* did not authorize a defendant to challenge personal jurisdiction over claims by <u>unnamed</u> members of a nationwide plaintiff class).

But the presence of unnamed plaintiff class members is not the issue here. Though courts seem to be divided as to unnamed parties in class actions, most courts that have had considered the question appear to have concluded that

4

17cv1351-LAB (JLB)

*Bristol-Myers* applies to named parties. *See Roy v. FedEx Ground Package Sys., Inc.*, 2018 WL 2324092, slip op. at *9 (D. Mass., May 22, 2018) (citing cases); *Horowitz v. AT&T Inc.*, 2018 WL 1942525, slip op. at *15 (D. N.J., Apr. 25, 2018) (same).

And this is not a case where Gaines could just as easily have sought to represent a nationwide class, as in *Fitzhenry-Russell*. California's consumer protection laws do not create a right of action arising from events that occurred entirely outside California between non-California parties, and with no connection to California. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 593–94 (9th Cir. 2012).

*Bristol-Myers* left open the question of whether the same limitations would apply to exercise of personal jurisdiction by a federal court. 137 S. Ct. at 1784. (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 102 n.5 (1987)). But the concerns that gave rise to that caveat — whether a foreign defendant's contacts with the United States as a whole could be aggregated to satisfy due process in a case concerning a federal claim — do not apply with any force here. *See Omni*, 484 U.S. at 102 n.5; *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (holding that nationwide contacts test applies when appraising personal jurisdiction under certain <u>federal</u> statutes).

The Court agrees with the many other federal courts that have found no reason *Bristol-Myers*' limitation on personal jurisdiction would not apply to named parties in putative class actions. Because there is no basis for the Court to exercise personal jurisdiction over the proposed out-of-state named plaintiffs' claims against GM arising entirely from out-of-state activities, leave to amend the complaint to add these claims is denied.

**Conclusion and Order**

The motion for leave to amend is **GRANTED** as to the request to substitute in General Motors LLC as the sole Defendant, and to add the California Consumer

Legal Remedies Act claim. Leave to add parties, claims by out-of-state parties, and claims arising under the laws of other states is **DENIED**. The unjust enrichment act already in the complaint can remain, but leave to amend it so that it applies to the other proposed parties is **DENIED AS MOOT**.

Gaines may file her amended complaint within **21 calendar days of the date this order is issued**.

**IT IS SO ORDERED**.

Dated: August 6, 2018

_____
Hon. Larry Alan Burns
United States District Judge